THE PEOPLE *v.* DESSÚS.

APPEAL from the District Court of Ponce.

No. 12.—Decided May 31, 1905.

TRIAL—CONTINUANCE.—The fact that a defendant was cited to appear in a prosecution before a jury but was tried by a court of law, because a jury trial would have been improper, cannot be deemed to have had his rights infringed nor is it a sufficient ground upon which to grant a continuance because the same elements of proof which he would have used in a trial before a jury could be used at the trial before the court of law.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—There being no bill of exceptions or statement of facts and no error appearing to have been committed which was prejudicial to the substantial rights of the defendant, the judgment appealed from must be affirmed.

The facts are stated in the opinion.

*Mr. Hernández López,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Luis Felipe Dessús from a judgment of the District Court of Ponce in a prosecution for the minor offense of libel.

On March 3d of last year the *fiscal* of this dictrict filed an information, which he signed and swore to, against Luis Felipe Dessús, charging him with the minor offense of libel, drawn in the following terms:

"In the city of Ponce, Judicial District of Ponce, under date of December 14, 1903, Luis Felipe Dessús published in the columns of the *Porto Rico Eagle* an article entitled 'The Yankee Despot,' signed with the pseudonym of 'Marat.' In this article Dessús willfully and maliciously made use of words and terms tending to impeach the honesty, integrity and reputation of W. S. Eckman, thus exposing him to public hatred and contempt. This act is contrary to the law for such case provided and against the peace and dignity of 'The People of Porto Rico.' "

Dessús pleaded not guilty and filed a written petition with the court for a trial by jury, and the Ponce court, on the 23d of said month of March, continued the public hearing set for that day and ordered that the petition of the accused should be considered at the time when the causes to be tried by jury are set for hearing.

On June 15th of the same year the court convened for the trial of the cause, and the *fiscal* and the accused being present, as well as counsel for the latter, the presiding judge of the court stated that according to the Act of the Legislative Assembly, published on March 10, 1904, regulating trials by jury, a prosecution for libel could not be held before a jury, but only before a court of law, this being also held by an opinion of the Supreme Court. The *fiscal* was in accord with this opinion, but counsel for the accused op-

posed it and requested a continuance, alleging that he had prepared all his evidence to appear before a jury and not before a court of law; and as counsel for the accused did not give any further grounds in support of his petition, the court ruled against the continuance of the trial on the ground that the same elements of proof which the defense had to present to a jury could be introduced before a court of law. The defense took an exception from this ruling on the ground that summons had issued to appear before one court while the trial was being held before another court.

After hearing the evidence introduced, which included the section defining the crime of libel, the Ponce court, on June 17th, found Dessús guilty; and, upon being asked whether he had any legal cause to show why judgment should not be pronounced against him, the defendant answered that the cause he had to show was that which he had already pleaded at the trial, for which reason he moved a new trial. This motion was overruled by the court, which, on the same day, rendered judgment sentencing Dessús to six months' imprisonment and to pay the costs.

Dessús took an appeal from this judgment, which appeal was allowed, and the proper transcript was sent up to this Supreme Court, without the alleged libellous article, and without any bill of exceptions, or any statement of facts.

Counsel for the appellant, in his argument before this Supreme Court, stated that as the article containing the alleged libellous terms and expressions was not included in the record he could not enter upon an examination of such terms and expressions, and would confine himself to stating that Dessús had no intention of injuring the reputation of School Inspector Eckman, but only of laying before the public the acts of an employe subject to censure, as are all persons who hold public office. In addition, he renewed the exception taken in the lower court for the defense of Dessús, and prayed for the an-

nulment of the proceedings had and that a new trial be granted for all the reasons stated.

The *fiscal* prayed for the dismissal of the appeal, with the costs against the appellant.

We have examined the transcript of the record sent to this Supreme Court, and, as a matter of fact, it does not contain a copy of the alleged libellous article; but the appellant could have had this copy attached to the record in due time, and it is his fault if he could not make use of it in support of the appeal. Apart from this it was not necessary, because the accused accepted the information in the form in which it was filed, without demurring to it, as he could have done by availing himself of the right granted him by section 153 of the Code of Criminal Procedure.

We also see that the accused took an exception from the ruling denying his motion for a continuance, on the ground that having been cited for a trial by jury, he was being tried by a court of law; but there is no reason to plead that such ruling tended to prejudice his rights, because he was denied none of the evidence which he proposed to introduce, and the same elements of proof may be used in a court of law as before a jury.

As the exceptions taken do not affect the material rights of the party appellant, in view of section 263 of the Code of Criminal Procedure and section 1 of the Act of the Legislative Assembly approved May 30, 1904, relating to the reversal of judgments in criminal causes and the amendment to section 145 of said code, the judgment appealed from should be affirmed, with the costs of the appeal against Luis Felipe Dessús.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.